**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 09-cv-00831-LTB

IN RE:

LINDA SUE SONNENSCHEIN,

       Debtor.

DAVID E. LEWIS, Trustee, and
UNITED STATES OF AMERICA,

       Appellants,

v.

MCGUANE AND HOGAN, LLP,

       Appellee.
_____

**ORDER**
_____

      Appellants, David E. Lewis, Trustee, and the United States of America, appeal from the January 8, 2009, and March 13, 2009, orders of the United States Bankruptcy Court for the District of Colorado ("Bankruptcy Court") denying the parties' cross-motions for summary judgment on the basis that the Bankruptcy Court lacked subject matter jurisdiction over a lien priority dispute concerning certain remaining property in the estate. Oral argument would not materially assist the determination of this appeal. After consideration of the papers and the case file, and for the reasons set forth below, I AFFIRM the January 8, 2009, and March 13, 2009, Bankruptcy Court orders.

**I. BACKGROUND FACTS**

      This case has a complex history involving multiple proceedings in both state and federal

courts in Colorado and Illinois. As relevant to the issues presented in this appeal, in November 2002, Debtor commenced a dissolution of marriage action in Jefferson County, Colorado ("divorce court"). Debtor was represented by various law firms, including Appellee, McGuane & Hogan, LLP ("McGuane Firm"). In August 2003, Appellee filed an attorney's lien against Debtor. In September 2003, the divorce court entered judgment on the lien in the amount of $69,369.73 plus interest.

Beginning in 1999—well before the divorce case was filed—the Internal Revenue Service ("IRS") assessed a series of tax liens against both Debtor and her former husband, Dennis Sonnenschein ("Dennis"), in their individual capacities for tax years including 1993, 1994, 1995, 1996, 1998, and 1999. The tax liens totaled approximately $1.9 million, approximately $1.5 million of which was assessed against Debtor. Appellee admits it was aware of these "huge income tax liabilities" while it represented Debtor. The IRS filed notice of the tax liens against Dennis and Debtor with the Colorado Secretary of State on November 5, 2003, and February 9, 2004, respectively.

On October 12, 2005, Debtor filed a Chapter 7 petition in the United States Bankruptcy Court for the District of Colorado. At present, the remaining assets in the bankruptcy estate consist of: (1) $67,500 paid by Thomas Sonnenschein in a settlement of claims asserted by the Trustee in a related matter; (2) an 18th century French armoire acquired by the Trustee through settlements with Dennis and Debtor's former law firm, the Littman Firm; (3) $105,000 acquired from a settlement with the Littman Firm; and (4) a laptop computer. The McGuane Firm and the IRS assert competing liens on these assets.

The McGuane Firm and the IRS each filed a motion for summary judgment with the

Bankruptcy Court asserting the validity and priority of their respective liens ("lien priority dispute" or "lien dispute").  On January 8, 2009, the Bankruptcy Court denied both motions on the basis that—because the dispute involved two non-debtor parties and did not implicate the interests of Debtor or the estate—it lacked jurisdiction to determine the issue of lien validity and priority.

The Trustee moved the Bankruptcy Court to vacate its January 8, 2009, Order.  On March 13, 2009, the Bankruptcy Court granted the motion in part and denied the motion in part.  The Bankruptcy Court granted the motion to the extent the motion requested the Bankruptcy Court find the Trustee asserted an interest in the estate assets, but noted the Trustee's interest—while it would be impacted by the eventual outcome of the lien priority dispute—was removed from the merits of the lien priority dispute itself.  Accordingly, the Bankruptcy Court otherwise denied the motion—thereby affirming its prior determination that it lacked jurisdiction to adjudicate the lien priority dispute.  Appellants filed notices of appeal from both the January 8 and March 13, 2009, orders.

## II. STANDARD OF REVIEW

In reviewing a bankruptcy court's decision, the district court functions as an appellate court and is authorized to affirm, reverse, modify, or remand the bankruptcy court's ruling.  *See* 28 U.S.C. § 158(a); FED. R. BANKR. P. 8013.  A bankruptcy court's legal conclusions are reviewed *de novo*, and factual findings are reviewed for clear error.  *In re Warren*, 512 F.3d 1241, 1248 (10th Cir. 2008).  On mixed questions of law and fact, I apply *de novo* review if the question primarily involves the consideration of legal principles and apply the clearly erroneous standard if the question is primarily a factual inquiry.  *In re Wes Dor, Inc*., 996 F.2d 237, 241

(10th Cir. 1993).

### III.  ANALYSIS

Appellants argue on appeal that the Bankruptcy Court erred in finding it lacked jurisdiction over the lien dispute.  Appellants further argue that—assuming the Bankruptcy Court did have jurisdiction—the Bankruptcy Court erred by failing to enter summary judgment in favor of the United States and against the McGuane Firm.  As I affirm the Bankruptcy Court's finding that it lacked jurisdiction over the lien dispute, I do not reach the merits of the motions for summary judgment filed in the court below.  It bears repeating, however, that—as explained in detail in my previous appellate opinion in this matter—"[h]ad the bankruptcy judge made a finding regarding the priority and extent of the liens . . . the judge would likely have found Appell[ee]'s attorney's liens inferior to the Government's tax liens."  *See In re Sonnenschein*, Order of December 16, 2008, p.12 [Civil Case No. 08-cv-01535, Docket # 36].

Whether a bankruptcy court has jurisdiction to decide a disputed matter is a question of law and is reviewed under the *de novo* standard of review.  *See In re Midgard Corp.*, 204 B.R. 764, 770 (10th Cir. BAP 1997).  "Bankruptcy courts have only the jurisdiction and powers expressly or by necessary implication granted by Congress."  *In re Gardner*, 913 F.2d 1515, 1517 (10th Cir. 1990).  Accordingly, jurisdiction is limited to "core proceedings"—those proceedings that depend on the bankruptcy laws for their existence—and "related proceedings"—those proceedings that could have an effect on the debtor's estate.  *See id.* at 1518.

At the time the Bankruptcy Court was asked to resolve the lien priority dispute, the estate had recovered all assets available to it and had settled all claims against it except those asserted

by the Trustee, the IRS, and the McGuane Firm. Although the validity of the McGuane Firm's lien remained in dispute, the IRS lien was not disputed. As the IRS lien greatly exceeded the value of the remaining assets, the Bankruptcy Court correctly noted that—regardless of how the lien priority dispute was resolved—the payment of the liens would exhaust the estate. Accordingly, the Trustee's duties with regard to distributing the remaining assets would be merely bookkeeping—that is, making payment to the proper parties according to the priority of their respective liens. Under such circumstances, the determination of the lien priority between the IRS and the McGuane Firm was properly found by the Bankruptcy Court not to be a core proceeding. *See In re Gardner*, 913 F.2d at 1518.

Appellants argue the Bankruptcy Court nonetheless maintained jurisdiction because the lien priority dispute was "related to" the bankruptcy proceeding. A proceeding is "related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate." *In re Gardner*, 913 F.2d at 1518. Appellants argue that the Trustee has an interest in the remaining assets under 11 U.S.C. §§ 506(c) and 724(b)—provisions of the bankruptcy code that allow the Trustee to recover certain administrative expenses from the remaining assets—that cannot be resolved until the lien priority dispute is settled. While I do not dispute the nature of the Trustee's interest in the remaining assets—payment of the Trustee's administrative expenses does depend, in part, on the priority of the Internal Revenue Service lien—the Bankruptcy Court properly noted that the Trustee's only interest in the lien priority dispute was in the outcome of the dispute, not the merits of the dispute itself. The lien priority dispute is between two third parties, and can be resolved without any participation from the Trustee and without reference to

any matters involving the estate or Debtor.  Regardless of which party prevails, there will be no net impact on the estate or the remaining assets, and, accordingly, no "outcome [that] could alter the *debtor's* rights, liabilities, options, or freedom of action in any way."  *See In re Gardner*, 913 F.2d at 1518 (emphasis added).

The Trustee makes an additional argument challenging the validity of the McGuane Firm's lien in the first instance.  As argued by the Trustee, this question is distinct from the question of which lien takes priority.  While I agree that the questions are not identical, the outcome sought by the Appellants is the same—namely, a finding that the IRS lien determines the distribution of the remaining assets.  Regardless of whether the McGuane Firm lien is invalid or inferior to the IRS lien, the result will still have no impact on the estate or Debtor.  Moreover, like the lien priority dispute, the determination of the lien validity dispute will require no participation from the Trustee and no reference to any matters involving the estate or Debtor.  Accordingly, neither the lien priority dispute nor the lien validity dispute can be considered "related to" the bankruptcy proceeding, as that term has been interpreted by the Tenth Circuit.  *See In re Gardner*, 913 F.2d at 1518 (holding "the bankruptcy court lacks related jurisdiction to resolve controversies between third party creditors *which do not involve the debtor or his property* unless the court cannot complete administrative duties without resolving the controversy") (emphasis added); *see also Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (holding "the test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the *estate* being administered in bankruptcy") (emphasis added).

### IV.  CONCLUSION

Accordingly, the January 8, 2009, and March 13, 2009, orders of the Bankruptcy Court are AFFIRMED.

Dated: August 10, 2009.

                              BY THE COURT:

                                s/Lewis T. Babcock
                              LEWIS T. BABCOCK, JUDGE